UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>KEITH AARON VANN,<br><br>    Defendant.<br>_____/ | No. C-13-01148 DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA** |

        Defendant Keith Aaron Vann ("Defendant") removed this case pursuant to 28 U.S.C. §§ 1441 and 1443 from Alameda County Superior Court, where it was pending as a complaint for unlawful detainer against Defendant. The Notice of Removal states two grounds for removal: that the Complaint presents a federal question such that the case could have originally been filed in this court and that diversity exists between the parties. (Notice of Removal ¶¶ 1-6.)

        When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28

1 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this
2 case to a District Judge for final disposition, with the recommendation that summary remand be
3 ordered.

## I. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id*. at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id*. at 831.

According to Defendant's Notice of Removal, a federal question arises under 28 U.S.C. § 1443[1] because California state courts have denied Defendant his equal protection, due process, and contractual rights. (Notice of Removal 4-8.) Under section 1443, however, Defendant must satisfy a two-part test to sustain removal: he must (1) "assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights" and (2) "assert that

---

[1] Section 1443 states:
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
§ 1443.

2

1  the state courts will not enforce that right, and that allegation must be supported by reference to a
2  state statute or a constitutional provision that purports to command the state courts to ignore the
3  federal rights." *Bank of Am., N.A. v. Richards*, No. 10-1062 CW, 2010 WL 1525728, at *2 (N.D.
4  Cal. Apr. 15, 2010) (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006)) (quotation
5  marks omitted). Even assuming Defendant is able to satisfy the first prong, he fails to satisfy the
6  second, as he has not cited any state law that suggests that the state court will not enforce his federal
7  rights.

8  Moreover, the complaint that Plaintiff filed in state court simply alleges a state cause of
9  action for unlawful detainer. (Compl.) As a general matter, whatever Defendant intends to argue in
10 response to these allegations does not give rise to removal jurisdiction. *See Deutsche Bank Nat'l*
11 *Trust v. Heredia*, No. 12-4405 (DMR), 2012 WL 4714539, at *1 (N.D. Cal. Sept. 14, 2012).
12 Defendant has not established that the Court has subject matter jurisdiction over this action.

### II. Diversity Jurisdiction

14 A district court has diversity jurisdiction where the parties are diverse and "the matter in
15 controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C.
16 § 1332. "[I]n determining whether a challenged jurisdictional amount has been met, district courts
17 are permitted only to assess the allegations in a complaint and not the validity of any asserted
18 defenses . . . ." *Ochoa v. Interbrew Am., Inc*., 999 F.2d 626, 629 (2d Cir. 1993). Potential defenses
19 to all or part of a plaintiff's claim do not affect the amount in controversy, because the defense may
20 be shown to be invalid. *See Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969) (that
21 statute of limitations defense might bar portion of relief sought did not affect amount in
22 controversy). Similarly, the amount in controversy is determined without regard to any
23 counterclaim to which a defendant may be entitled. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789
24 (9th Cir. 1977).

25 Defendant avers that this case fulfills the diversity jurisdiction requirements. (Notice of
26 Removal 4.) He claims that he is a resident and citizen of the State of California, that Plaintiff is not
27 incorporated in the state, and that the amount in controversy in this case exceeds $75,000. (Notice
28 of Removal 4, 9.) However, Defendant overlooks that the face of the Complaint unequivocally

states "DEMAND OF COMPLAINT DOES NOT EXCEED $10,000.00." (Compl.) As Plaintiff seeks $59.17 per day for Defendant's refusal to vacate the property beyond May 22, 2012, the total potential damages at the time of removal were approximately $17,500, far below the $75,000 minimum required to establish diversity jurisdiction. Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action.

### III. Conclusion

For the reasons above, the court recommends that this action be remanded to the Alameda County Superior Court and that the Clerk be ordered to close the case file. The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: March 18, 2013



DONNA M. RYU  
United States Magistrate Judge

4