IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C 13-1148 YGR |
| Plaintiff, | ORDER DENYING MOTION TO RECUSE |
| v. | (Docket No. 26) |
| KEITH AARON VANN, | |
| Defendant. | |

This matter is currently pending before District Judge Yvonne Gonzalez Rogers. On April 1, 2013, Defendant Keith Aaron Vann moved to recuse Judge Gonzalez Rogers from this case. On April 3, after Judge Gonzalez Rogers requested that Defendant's motion be randomly reassigned, the motion was referred to the undersigned judge. After considering Defendant's submission, the Court denies the motion for recusal.

## DISCUSSION

Defendant moves for recusal under 28 U.S.C. §§ 455 and 144. Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 144 provides for recusal where a party files a "timely and sufficient affidavit" averring that the judge before whom the case is pending "has a personal bias or prejudice" either against the party or in favor of any adverse party. If a judge finds a § 144 motion timely and the affidavit legally sufficient, the judge must proceed no further and another judge must be assigned to hear the matter. 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Although Defendant's

motion here does not provide a legally sufficient basis for recusal, Judge Gonzalez Rogers, out of an abundance of caution, requested that his motion be reassigned.

Defendant appears to raise three grounds for recusal, none of which is availing:

First, he contends that Judge Gonzalez Rogers displayed a "clear bias and prejudice" toward him by delaying her ruling on his request for permission to file electronically in this case. Affidavit of Keith Aaron Vann ¶ 20. Defendant moved for permission to file electronically ten days before he moved for recusal; this brief delay in ruling on his motion does not evince bias. More importantly, this delay cannot support recusal because "the alleged prejudice was not extrajudicial." United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir. 1979).

Second, Defendant argues that Judge Gonzalez Rogers must recuse herself because she previously sat on the Alameda County Superior Court, where another judge denied his motion to dismiss this action before the case was removed. Defendant does not assert that Judge Gonzalez Rogers -- who was no longer sitting on the Alameda County Superior Court when this action was filed -- played any part in that decision.[1] Nor does he cite any case law requiring federal judges to recuse themselves from cases heard by other judges on the state courts where they sat previously. Thus,

---

[1] This fact distinguishes the present case from cases like Amaya v. Home Ice, Fuel & Supply Co., 59 Cal. 2d 295 (1963), which Defendant cites in his motion. In Amaya, a California Supreme Court justice recused himself from hearing a case that he had previously heard and decided while sitting as a judge on a lower court.

2

Judge Gonzalez Rogers' prior judicial service on the Alameda County Superior Court does not provide a basis for recusal here.

Third and finally, Defendant argues that Judge Gonzalez Rogers must recuse herself because, Defendant alleges, she received "illegal payments" from the State of California during her tenure on the Alameda County Superior Court. Mot. 7. Defendant does not describe the nature of these allegedly illegal payments and, in any event, has not provided any basis for these allegations in the documents attached to his affidavit. Accordingly, this allegation does not provide a legitimate basis for recusal here.

## CONCLUSION

For the reasons set forth above, Defendant's motion to recuse Judge Gonzalez Rogers (Docket No. 26) is DENIED.

IT IS SO ORDERED.

Dated: 4/8/2013

CLAUDIA WILKEN
United States District Judge

cc: YGR

3