UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH AARON VANN,<br><br>Defendant. | Case No.: 13-cv-01148-YGR<br><br>**ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT; AND GRANTING IN PART WELLS FARGO'S REQUEST FOR ATTORNEY'S FEES** |

Defendant Keith Vann removed this case from the Alameda County Superior Court on March 14, 2013. (Dkt. No. 1 ("Notice of Removal").) The underlying complaint alleges unlawful detainer pursuant to California Code of Civil Procedure ("CCP") section 1161a. (*Id.* at ECF pp. 21–25.) In addition to his removal, Defendant filed a Cross Complaint alleging violations of numerous federal statutes, including the Fair Debt Collection Practices Act, Racketeer Influenced and Corrupt Organizations Act, Real Estate Settlement Procedures Act, and Truth in Lending Act. (Dkt. No. 2.)

On March 18, 2013, Magistrate Judge Donna Ryu issued a Report and Recommendation to Remand to Superior Court of California, County of Alameda. (Dkt. No. 12.) Judge Ryu stated in her Report that the district court does not have subject matter jurisdiction over this case. Specifically, federal question jurisdiction does not exist because a federal question was not presented on the face of *plaintiff's (Wells Fargo's) well-pleaded complaint*. (Dkt. No. 12 at 2.) Federal questions presented in an answer or counterclaim do not suffice to establish federal question jurisdiction. (*Id.* (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002).) Further, Vann failed to meet the required prongs for removal based on 28 U.S.C. section 1443, namely that he: (1) "assert, as a defense to the prosecution, rights that are

given to [him] by explicit statutory enactment protecting equal racial civil rights" and (2) "assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." (Dkt. No. 12 at 2–3 (alteration in original) (citing *Bank of Am., N.A. v. Richards*, No. 10-1062 CW, 2010 WL 1525728, at *2 (N.D. Cal. Apr. 15, 2010) and *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006)).) Judge Ryu found that "[e]ven assuming Defendant is able to satisfy the first prong, he fails to satisfy the second, as he has not cited any state law that suggests that the state court will not enforce his federal rights." (Dkt. No. 12 at 3.) Finally, Judge Ryu found that diversity jurisdiction does not exist because the face of the underlying unlawful detainer complaint explicitly states that the demand does not exceed $10,000 and the potential damages at the time of removal were far below the $75,000 minimum threshold. (*Id.* at 3–4.) In determining amount in controversy, the Report stated that districts courts are permitted to consider only the allegations in the complaint, not the validity of asserted defenses nor the amount in controversy alleged in any counterclaim. (*Id.* at 3 (citing *Ochoa v. Interbrew Am., Inc*., 999 F.2d 626, 629 (2d Cir. 1993); *Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977)).) For those reasons, Judge Ryu recommended this action be remanded to the Alameda County Superior Court.

Defendant Vann filed an objection to Judge Ryu's Report and Recommendation and request for de novo review by a district court judge. (Dkt. No. 19.) Defendant argues that Judge Ryu lacked authority to issue any "ruling" in this action and ignored his cross-complaint. In addition, he argues that he has met the requirements under 28 U.S.C. section 1443 for removal based the denial of his equal protection, due process, and civil rights. Defendant also filed a First Amended Notice of Removal on the same date as his objections. (Dkt. No. 18.)

Wells Fargo filed a response to Defendant's objections. (Dkt. No. 31.) Wells Fargo agrees with Judge Ryu that the action must be remanded for the reasons stated in her Report and Recommendation. In addition to confirming the Report and Recommendation, Wells Fargo requests that this Court enter a remand order *nunc pro tunc* to a time prior to the judgment in the unlawful detainer action so that Wells Fargo may execute on the writ of possession, and that the

Court order Wells Fargo may enforce the judgment in the unlawful detainer notwithstanding any future removal to federal court. In addition, Wells Fargo requests attorney's fees in the sum of $5,417.50.

Wells Fargo also states that this action is Defendant Vann's *third* attempt to remove *this* particular unlawful detainer action to federal court. Defendant's prior removals include: Case Nos. 12-cv-4023-CRB and 12-cv-5725-CRB. In both actions, Wells Fargo notes that the cases were remanded for lack of jurisdiction (despite Defendant Vann having filed cross-complaints) and Judge Breyer awarded attorney's fees. Moreover, following Vann's second removal, Judge Breyer informed Vann of the Court's ability to sanction under Federal Rule of Civil Procedure 11: "The Court hereby puts Defendant on notice that it will initiate Rule 11 proceedings should Defendant file further frivolous papers in this Court." (Case No. 12-cv-5725 at Dkt. No. 34.)

The Court finds that Vann's objections to Judge Ryu's Report and Recommendation lack merit. Judge Ryu issued her Report and Recommendation pursuant to 28 U.S.C. section 636 on March 18, 2013, prior to when Vann filed his declination to proceed before a magistrate judge. Moreover, he fails to raise a valid argument with regard to the lack of subject matter jurisdiction of this Court.

Under 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, the burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. A district court *must* remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The Court has reviewed the underlying unlawful detainer complaint in each of the three actions removed by Defendant Vann. The state court case number is identical on each: RG-12-

3

631649 filed on May 23, 2012. As stated in both of the prior remand orders by Judge Breyer and by Judge Ryu in her Report and Recommendation, a federal question does not exist on the face of the unlawful detainer complaint. Moreover, a defendant's counterclaims and defenses asserting a federal question cannot give rise to jurisdiction under section 1331. *Vaden v. Discovery Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272 (2009). The federal question must be presented by the plaintiff's complaint as it stands *at the time of removal*. <u>Remand of the unlawful detainer complaint is therefore not proper under federal question jurisdiction.</u> In addition, Wells Fargo's unlawful detainer complaint indicates that the amount demanded does not exceed $10,000. As such, <u>Defendant cannot remove this action to federal court based on diversity jurisdiction</u>. 28 U.S.C. §§ 1441(b) & 1332(a).

Defendant also alleges removal is proper under 28 U.S.C. section 1443. Section 1443 provides for the removal of any civil or criminal case commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). To remove a case under section 1443(1), a notice of removal must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (quoting *Sandoval*, 434 F.2d at 636). A removal notice under section 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966); *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006). Defendant does not seem to assert removal is proper under section 1443(2), and regardless, that section would not apply in this instance; consequently, the Court addresses removal under only subsection (1).

Neither Defendant's Notice of Removal nor his First Amended Notice of Removal

4

identifies an "explicit statutory enactment protecting equal racial civil rights" nor any state statute or constitutional provision that "purports to command the state courts to ignore the federal rights." Vann simply states that *Plaintiff's/Wells Fargo's* complaint is "fraudulent" and that the unlawful detainer complaint process itself denies homeowners, such as Defendant Vann, "due process rights to unlimited jurisdiction cross complaint and discovery after sale." (Dkt. No. 1 at ECF p. 4; Dkt. No. 18 at ECF p. 4.)

Moreover, what allegations Vann does make regarding the propriety of civil rights removal under 28 U.S.C. section 1443 are entirely conclusory in nature. Similar to 28 U.S.C. section 1343, section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis. *See Bogart v. California*, 355 F.2d 377, 380-81 (9th Cir. 1966). Consequently, removal is not proper under section 1443. *Gaus*, 980 F.2d at 566 (federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance); 28 U.S.C. § 1447(c) (district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this unlawful detainer action. In addition, the Court notes that a defendant may not twice remove the same action where each removal is based on the same grounds. *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883); *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996). Defendant Vann has already removed this action twice, and his notices of removal are substantially the same. Attorney's fees have been awarded twice, and Judge Breyer has previously informed Defendant that the further filing of frivolous documents will result in Rule 11 sanctions.

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing

costs on the opposing party, while not undermining Congress' basic decision to afford Defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.  In this case, Vann was already aware from prior remand orders that no federal question jurisdiction existed and that his bases for removal were not proper.  Given his prior knowledge and the nature of his filings in this action and his previous actions, the Court finds that there was no objectively reasonable basis for removal.

Wells Fargo requests $5,417.50 in attorney's fees and costs in preparing its response to Defendant Vann's objection to the Report and Recommendation. (Dkt. No. 31-1.)  This request is based on 19.7 hours of work. (*Id.*)  The Court notes, however, the disparity between the amount requested in this case, compared to the amount awarded by Judge Breyer for attorney's fees: $ 350.00 in each case.  (Case no. 12-cv-5725 at Dkt. No. 34; Case No. 12-cv-4023 at Dkt. No. 15.) While the Court does not dispute that Wells Fargo may have expended significant time and effort in opposing the various documents filed by Defendant Vann, it is unclear to the Court why the amount requested is so much higher than the previous two removals.  For that reason and in light of the fact that Plaintiff has now removed the same unlawful detainer action three times, the Court **GRANTS** Wells Fargo attorney's fees in the amount of $1,000.  In light of the award of attorneys' fees, the Court **DECLINES** to grant Rule 11 sanctions.

Because neither 28 U.S.C. sections 1441 nor 1443 provides this Court with removal jurisdiction, this action in its entirety is **REMANDED** to the Alameda County Superior Court.[1]  All pending motions are **DENIED AS MOOT** in light of this remand.  The Court does not believe it is in a position to order the additional requested relief by Wells Fargo of entering this remand order *nunc pro tunc*, nor to order that Wells Fargo may enforce the judgment in the unlawful detainer notwithstanding any future removal to federal court.

The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the Alameda County Superior Court.

---

[1] On April 26, 2013, the Clerk of this Court entered default as to Golden West Savings Association Service, who is named as a defendant in the cross-complaint filed by Defendant Keith Vann.  (Dkt. No. 41.)  That entry of default is **VACATED** due to the lack of jurisdiction in the first instance.

6

This Order terminates all pending docket items.

**IT IS SO ORDERED.**

Dated: May 2, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**