UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK NATIONAL
ASSOCIATION,

      Plaintiff,

  vs.

KEITH AARON VANN,

      Defendant.

Case No.: C-13-01148-YGR

**ORDER DENYING PLAINTIFF WELLS FARGO
BANK, N.A.'S MOTION TO DECLARE
DEFENDANT, KEITH AARON VANN A
VEXATIOUS LITIGANT**

     Defendant Keith Vann removed this case from the Alameda County Superior Court on March 14, 2013.  (Dkt. No. 1.)  Magistrate Judge Donna Ryu issued a Report and Recommendation to Remand to Superior Court of California, County of Alameda.  (Dkt. No. 12.)  Defendant filed an objection to Judge Ryu's Report and Recommendation and a First Amended Notice of Removal. (Dkt. Nos. 18 & 19.)  Wells Fargo filed a response to Defendant's objections.  (Dkt. No. 31.)

     In an Order Remanding Action to Alameda County Superior Court; and Granting in Part Wells Fargo's Request for Attorney's Fees, the Court found Defendant's objections to be without merit. (Dkt. No. 45.)  The Court agreed with Judge Ryu and held that subject matter jurisdiction was lacking over this action.  Specifically, a federal question had not been presented on the face of Wells Fargo's state court complaint, diversity jurisdiction was lacking for failure to meet the amount in controversy, and removal was not proper under 28 U.S.C. section 1443.  (*Id.*)

     The Court granted in part Wells Fargo's request for attorney's fees and awarded the amount of $1,000.  The Court declined to award Wells Fargo's additional requested relief of entering the remand order *nunc pro tunc* and ordering that Wells Fargo may enforce the judgment in the unlawful detainer action notwithstanding any future removal to federal court.  (*Id.*)

1      Wells Fargo now moves to have Defendant declared a vexatious litigant and requests an order

2  requiring him to obtain leave of court before: (i) filing another lawsuit arising out of the state court

3  unlawful detainer; and (ii) removing the unlawful detainer action to federal court.

4      Federal courts have "inherent power . . . to regulate the activities of abusive litigants by

5  imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*,

6  912 F.2d 1444, 1147 (9th Cir. 1990). Pre-filing orders restricting a party's ability to file future actions

7  or papers with the district court should be "rarely" issued, and, when issued, done so with "particular

8  caution." *Id.*

9      The Court finds that it would not be appropriate to entertain the pending motion given the

10  procedural posture of this case. The Court has already determined that that it lacks subject matter

11  jurisdiction over this action and the federal case has been closed. The action has been remanded to

12  the Alameda County Superior Court. Given these facts, the Court does not believe the circumstances

13  are appropriate for resolution of this motion. For these reasons, Wells Fargo's motion is **DENIED**.

14      This Order terminates Dkt. No. 54.

15      **IT IS SO ORDERED.**

16

17  Dated: May 30, 2013

                                 **YVONNE GONZALEZ ROGERS**

18                                  **UNITED STATES DISTRICT COURT JUDGE**

19

20

21

22

23

24

25

26

27

28